IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-cv-1297

**DEAN NIEMELA**

Plaintiff,

v.

**AUTO OWNERS INSURANCE COMPANY**, a Michigan Corporation

Defendant.

## NOTICE OF REMOVAL

Defendant, Auto-Owners Insurance Company ("Auto-Owners"), by and through its attorneys, Giometti & Mereness, P.C., hereby submits its Notice of Removal, stating as follows:

1. In this action, Dean Niemela ("Plaintiff") has asserted claims for underinsured motorist coverage benefits, breach of contract, and bad faith. The Complaint in this matter was initially filed in the District Court for Denver County, State of Colorado, on April 25, 2018.

2. On May 3, 2018, the Complaint filed by Plaintiff was served upon Auto-Owner's registered agent, Commissioner of Insurance, Department of Regulatory Agencies of the State of Colorado, 1560 Broadway, Suite 850, Denver, CO 80202.  Pursuant to 28 U.S.C. § 1446(b), Auto-Owners has thirty days upon being served the Complaint, or until June 2, 2018 to file its Notice of Removal.

3. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a Colorado state court may be removed to the U.S. District Court of Colorado, if the U.S. District Court would have had original jurisdiction.

4. Pursuant to 28 U.S.C. § 1332(a), this Court would have had original jurisdiction because the amount in controversy exceeds $75,000 and the matter is between citizens of different states.

5. As to the first criterion, the amount in controversy is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

6. In this case, the jurisdictional amount in controversy is established by allegations that the Plaintiff has included in his Complaint. Plaintiff's present suit against Auto-Owners arises out of a motor vehicle accident in which Plaintiff allegedly sustained severe injuries when he was struck by a vehicle while riding his bicycle ("the bicycle accident"). The bicycle accident occurred on June 25, 2016. Plaintiff was involved in a prior motor vehicle accident on June 8, 2016 while he was a passenger in a car being driven by David Adams ("the car accident"). In the

car accident Mr. Adams' vehicle was struck from behind by a vehicle whose driver was insured for minimum liability limits of $25,000 per person. Plaintiff is alleging that a head injury he sustained in the car accident caused him to suffer headaches and vision impairment, which then resulted in the bicycle accident. Thus, the Plaintiff claims that severe injuries sustained in the bicycle accident were caused, at least in part, by the car accident. At the time of the car accident, David Adams was insured under an automobile policy issued by Auto-Owners. The policy contained underinsured motorist coverage, with limits of $100,000 per person, which applied to Plaintiff as a passenger in David Adams' vehicle.

7. The Complaint Plaintiff filed in this matter alleges that the gross value of the bodily injury claim caused by the bicycle accident exceeds $4,000,000. *See* Complaint, ¶ 10. Furthermore, the Complaint alleges that due to the bicycle accident Plaintiff incurred over $1,000,000 in medical expenses. *See* Complaint, ¶ 8. Based upon the allegation that his injuries in the car accident significantly contributed to causing the bicycle accident, Plaintiff claims that that at least $400,000 in damages are attributable to the car accident, and, therefore, Auto-Owners was obligated to pay him the $100,000 UM/UIM insurance limits under Mr. Adams' policy. Complaint, ¶¶ 4-11. Plaintiff claims that Auto-Owners owes him additional damages for its alleged bad faith claim handling for refusing to pay him UIM benefits. Complaint, ¶¶ 17-20. By themselves, these allegations within the Complaint satisfy the jurisdictional requirement.

8. Although Auto-Owners denies that Plaintiff is entitled to recover any damages for the claims asserted in this litigation, the amount in controversy substantially exceeds the $75,000 jurisdictional minimum.

9.	As to the second criterion, according to the allegations contained in the complaint, Plaintiff is a resident and domiciliary of Colorado. *See* Complaint, ¶ 1.

10.	Auto-Owners is a foreign corporation, incorporated in the State of Michigan that is authorized to transact business in the state of Colorado. *See* Complaint, ¶ 2. Auto-Owners' principal place of business is in Lansing, Michigan. *See* Answer and Jury Demand, ¶ 2. The diversity of citizenship requirement of 28 U.S.C. § 1332(a) is satisfied where, as here, there is a diversity of citizenship between the adverse parties, Plaintiff and Auto-Owners. *See Wisconsin Dept. of Corrections v. Schact*, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052 (1998); *see also Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Therefore, the requirements for removal of this action under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 have been satisfied and this matter has been properly removed.

12.	Attached hereto as **Exhibit A** is an Index of State Court Pleadings with the following documents: Complaint and Jury Demand, Summons, Return of Service, and Answer and Jury Demand, and all related Court Orders.

WHEREFORE, Auto-Owners respectfully requests that this matter be removed from the District Court of Denver County, Colorado, to the U.S. District Court for the District of Colorado.

Respectfully submitted this 25th day of May, 2018.

5

**GIOMETTI & MERENESS, P.C.**

*Original Signature on File*
*s/ Gregory R. Giometti*
Gregory R. Giometti, #16868
Kaylea A. Waechter, #49961
Giometti & Mereness, P.C.
50 S. Steele Street, Suite 480
Denver, CO 80209
Phone: (303) 333-1957
Fax: (303) 377-3460
E-mail: ggiometti@giomettilaw.com
kwaechter@giomettilaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 25th day of May, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served electronically to the following:

Bradley S. Freedberg, #26046
1888 Sherman Street, #200
Denver, CO 80203
Ph. No. (303) 892-0900 fax: (303) 446-0803
e-mail: bradfreedberglaw@aol.com
*Attorney for Plaintiff*

                *s/ Leslee Randolph*
                Leslee Randolph, Paralegal