5/25/2018                                        Register of Actions and Party Information

## Register of Actions

| | | | |
|---|---|---|---|
| ☐ **Filed by Plaintiff/Petitioner** | **Case Number:** 2018CV031487 | | **Division:** 259 |
| ☐ **Filed by Defendant/Respondent** | **Case Type:** Breach of Contract | | **Judicial Officer:** Michael Anthony Martinez |
| ☐ **Filed by Court** | **Case Caption:** Niemela, Dean v. Auto Owners Ins Co | | **Court Location:** Denver County - District |

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| 1FF486A17E293 | 04/25/2018 12:37 PM | Bradley Stephen Freedberg PC | Law Office of Bradley S Freedberg PC | Dean Niemela | Complaint *(Related Document)* | Complaint | Public |
| | | | | | Summons *(Related Document)* | Summons | Public |
| | | | | | Civil Case Cover Sheet *(Related Document)* | Civil Cover Sheet | Public |
| N/A (Details) | 04/27/2018 12:00 AM | Michael Anthony Martinez | Denver District Court | N/A | Order | DELAY REDUCTION ORDER | Public |
| N/A (Details) | 04/27/2018 12:00 AM | Michael Anthony Martinez | Denver District Court | N/A | Order | PRE-TRIAL ORDER | Public |
| N/A (Details) | 04/27/2018 12:00 AM | Michael Anthony Martinez | Denver District Court | N/A | Order | DISCOVERY PROTOCOL ORDER | Public |
| AD3365DB490AE | 05/24/2018 5:15 PM | Gregory Giometti, Kaylea Waechter | Giometti and Mereness P C | Auto Owners Ins Co | Answer w/Jury Demand | Answer and Jury Demand | Public |

## Party Information

| Party Name | Party Type | Party Status | Attorney Name |
|---|---|---|---|
| Auto Owners Ins Co | Defendant | Active | Gregory R Giometti (Giometti and Mereness P C) Kaylea Waechter (Giometti and Mereness P C) |
| Dean Niemela | Plaintiff | Active | Bradley Stephen Freedberg (Law Office of Bradley S Freedberg PC) |

**EXHIBIT A**

DISTRICT COURT, DENVER COUNTY, COLORADO

1437 Bannock Street, Denver, CO  80202

**DEAN NIEMELA,**

   Plaintiff,

v.

**AUTO OWNERS INSURANCE COMPANY.**

   Defendant.

| ▲ COURT USE ONLY ▲ |
| --- |
| Case Number _____ |
| Courtroom:  _____ |

**Attorneys:**
Attorney for Plaintiff
Bradley S. Freedberg, #26046
1888 Sherman Street, #200
Denver, CO  80203

Ph. No. (303) 892-0900       fax: (303) 446-0803
e-mail: bradfreedberglaw@aol.com

**COMPLAINT**

COME NOW, Dean Niemela, Plaintiff, and complains of the Auto Owners Insurance Company, Defendant, and shows as follows:

1.     Plaintiff Dean Niemela is an individual residing in the State of Colorado.

2.     Defendant Auto Owners Insurance Company is a Michigan Corporation conducting property and casualty including automobile insurance policy and claims business throughout the country and in Colorado, registered to write business and adjust claims in Colorado.

3.     Jurisdiction is proper in this Court for the reason that the incidents described below took place in the State of Colorado and for the reason that Defendant is doing business in the state and is registered to do business in the state.  Venue is proper in Denver County, Colorado, for the reason that the events described below took place in Denver County, Colorado.

**EXHIBIT A**

GENERAL AVERMENTS

4.     On or about June 8, 2016, Plaintiff was a passenger in a vehicle owned by and driven by his friend David Adams, which was insured for automobile coverage (including Uninsured/Underinsured Motorist benefits of $100,000 per claim - policy/claim no. 300-0121486-2016).

5.     The Adams vehicle in which Plaintiff was a passenger and thereby an intended, designated first party beneficiary under the policy, was struck from behind by a vehicle driven by Malaquias De Santos, an at-fault driver, insured for minimum coverage of $25,000 by Occidental Fire and Casualty Ins. Co of N.C.  As a result of the June 8, 2016 accident, Plaintiff struck his head and suffered a concussion with blurred vision.

6.     At the time of the June 8, 2016 accident, Plaintiff was essentially indigent, living in halfway house type environment and doing odd jobs and handyman work for private individuals as a source of income.  Plaintiff did not own a car and traveled primarily by bicycle to and from jobs.

7.     Plaintiff also, lacking resources, health insurance, and medical care, did not see a doctor about his injuries, and rather just went about his life and business with headaches and blurred vision out of one eye from the June 8, 2016 accident.

8.     On or about June 25, 2016, Plaintiff, still suffering headaches and vision issues from the June 8, 2016 accident, was riding his bike to a job and failed to see on the side of his bad eye a car entering an intersection.  Plaintiff was run over, injured critically, and put into a coma remaining in the hospital for several weeks incurring medical expenses of over $1,000,000.

9.     The injuries suffered and disability resulting from the June 8, 2016 accident contributed significantly to the June 25, 2016 catastrophic accident and injury.

10.     Consequently, following written permission granted by Defendant, Plaintiff settled his bodily injury claim against the at-fault driver De Santos for the June 8, 2016 claim for policy limits of $25,000.  The balance of the value of his bodily injury claim for the June 8, 2016 accident, including the portion of the damages from the June 25, 2016 accident that flowed from, and were a natural and foreseeable consequence of the injuries sustained on June 8, 2016, remain due and owing from Defendant, despite demand for the same.  The gross value of the bodily injury claim from the June 25, 2016 accident exceeds $4,000,000 and the portion attributable to the injuries sustained on June 8, 2016 exceeds 10% of that figure, or $400,000.

11.     The failure of defendant to adjust the $100,000 policy benefit owed to Plaintiff in a timely manner constituted insurance bad-faith, and resulted in consequential damages of Plaintiff.

**EXHIBIT A**

12.     Plaintiff has satisfied all conditions precedent to the filing of this lawsuit, including Defendant's waiver of arbitration by refusing to refer for arbitration after a demand for the same by Plaintiff.

# CLAIMS FOR RELIEF

## I.

## BREACH OF INSURANCE POLICY - BENEFITS DUE AND OWING

13.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint, as if set forth at length herein.

14.     Plaintiff, as a passenger in the Adams vehicle insured by Defendant on June 8, 2016, was an intended and indeed a statutory third-party beneficiary of the policy of insurance which defined passengers as insured beneficiaries of benefits afforded by the policy.  Thus, Plaintiff has standing to directly seek benefits under the policy.

15.     Defendant, in not paying benefits owed by it to Plaintiff despite demand for the same, has breached its policy of insurance.

16.     As a result of the breach, Plaintiff has suffered damages and is entitled to recover benefits owed him and all consequential damages occasioned by defendant's breach of contract of insurance.

## II.

## BAD FAITH INSURANCE CLAIMS PAYMENT PRACTICES

17.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint, as if set forth at length herein.

18.     Plaintiff clearly established a connection between injuries sustained in the June 8, 2016 accident and the conditions which existed at the time of the June 25, 2016 catastrophic accident.  Despite this connection, recognized and promptly paid by the at-fault party's carrier Occidental, Defendant took a bad-faith position and denied benefits.

19.     In failing to promptly pay benefits within the period of time required by statute, and/or within a reasonable time as defined by industry practice under the common law, Defendant's conduct constitutes insurance bad-faith claims practices.

20.     Consequently, Plaintiff is entitled to recover damages under a variety of

# EXHIBIT A

remedies available under statute and under the common law including, without limitation, benefits owed, statutory damages, damages in excess of benefit limits, attorneys fees, and that special category of exemplary or punitive damages as allowed or as may be shown and as established under provisions regulating insurance companies not conflicting with other statutory prerequisites.

WHEREFORE, Plaintiff prays that Defendant be cited to answer and appear herein, and that upon final hearing of all matters in controversy, Plaintiff has and recovers from Defendant as follows:

1.      Judgment for damages/policy benefits as set forth herein and as allowed by law under the first claim for relief;

2.      Judgment for bad-faith claims practice damages as set forth herein and as allowed by law under the second claim for relief; including reasonable attorney's fees;

3.      All costs of suit as allowed; and

4.      Such other and further relief, at law and in equity that may be appropriate.

Respectfully submitted,

*Original signature on file at the office*
*Of Bradley S. Freedberg, P.C.*

*S/Bradley S.  Freedberg*
Attorney for Plaintiff

Dean Niemela
895 S. Monaco
Denver, CO  80224

**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>1437 Bannock Street, Denver, CO  80202<br><br><br>**DEAN NIEMELA,**<br><br>    Plaintiff,<br><br>**v.**<br><br>**AUTO OWNERS INSURANCE COMPANY.**<br><br>    Defendant. | ▲ **COURT USE ONLY** ▲<br>_____<br><br>Case Number _____<br><br>Courtroom:  ____ |
| **Attorneys:**<br>Attorney for Plaintiff<br>Bradley S. Freedberg, #26046<br>1888 Sherman Street, #200<br>Denver, CO  80203<br><br>Ph. No. (303) 892-0900          fax: (303) 446-0803<br>e-mail: bradfreedberglaw@aol.com | |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 25th day of April, 2018.

*Original signature on file at the office*
*Of Bradley S. Freedberg, P.C.*

*S/Bradley S. Freedberg*_____
Attorney for Plaintiff

# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT**<br>**CITY & COUNTY OF DENVER, COLORADO**<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: April 27, 2018<br>CASE NUMBER: 2018CV31487 |
| **Plaintiff:  DEAN NIEMELA**<br><br>**v.**<br><br>**Defendant:    AUTO OWNERS INSURANCE<br>            COMPANY** | ▲   **COURT USE ONLY**   ▲ |
| | **Case Number: 18CV31487**<br><br>**Courtroom:  259** |
| **<u>DELAY REDUCTION ORDER</u>** | |

All civil courtrooms are on a delay reduction docket.

**IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A.  In all civil actions, the following deadlines must be met:

1.  **<u>Service of Process</u>:**  Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **<u>63 days</u>** after the date of filing of the complaint. After **<u>63 days</u>**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

2.  **<u>Default</u>:**  Application for entry of default under C.R.C.P. 55(a) must be filed within **<u>14 days</u>** after default has occurred.

    If all defendants are in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3.  **<u>Trial Setting</u>:**  The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete the setting of the trial no later than **<u>14 days</u>** from the date the case is at issue. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g).)  A case is "at issue" when:  (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b)

1

**EXHIBIT A**

defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

4.   Cases filed under **C.R.C.P. 16:**

   a) **Case Management Conference:**  The notice to set trial must also include a notice to set a Case Management Conference as required by C.R.C.P. 16(d)(1), to be held no later than **49 days** after the case is at issue.

   b) **Proposed Case Management Order:**  At least **7 days** before the Case Management Conference, the parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

   c) **Waiver of Case Management Conference:**  If all parties are represented by counsel, a joint request to waive the case management conference may be included in the proposed Case Management Order, but unless such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

5.   Cases filed under **C.R.C.P. 16.1:**

   a) **Certificate of Compliance:**  Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required.

B:   Additionally, in all civil actions, the following provisions apply:

   **Service of this Order:**  The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance.

   **Related Cases:**  An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available in Room 256 of the City and County Building or at:
   https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc

Date:   April 27, 2018                    BY THE COURT:

Michael A. Martinez
Denver District Court Judge

2

**EXHIBIT A**

<table>
<tr><td>

DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO

Court Address: 1437 Bannock Street
               Denver, Colorado 80202

</td><td>

DATE FILED: April 27, 2018
CASE NUMBER: 2018CV31487

</td></tr>
</table>

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO | DATE FILED: April 27, 2018 CASE NUMBER: 2018CV31487 |
|---|---|
| Court Address: 1437 Bannock Street Denver, Colorado 80202 | |
| Plaintiff(s):  **DEAN NIEMELA** | ▲  **COURT USE ONLY**  ▲ |
| v. | Case Number: 18CV31487 |
| Defendant(s):  **AUTO OWNERS INSURANCE COMPANY** | Ctrm:  259 |
| **ORDER RE: DISCOVERY PROTOCOL** | |

The following discovery protocols shall guide all counsel in their conduct of written and oral discovery in this case.[1]

**PREAMBLE**

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

**Should the Parties have a discovery dispute, parties shall submit a joint notice of discovery impasse, not longer than 3 pages, apprising the Court of the nature of the dispute. The Court will review all notices and proceed according to its judgment.**

**WRITTEN DISCOVERY**

1.     The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information

---

[1] Regarding electronic document production, this Court applies *The Sedona Principles for Electronic Document Production* and advises counsel to be familiar with the practices and procedures it sets forth. *See* http://sos.mt.gov/Records/committees/erim_resources/A%20-%20Sedona%20Principles%20Second%20Edition.pdf at p ii.

**EXHIBIT A**

which may be available but which is not being provided as a result of the objection raised.

2.    When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3.    A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4.    A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5.    Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

   a.   The information required by C.R.C.P. 26(b)(5);

   b.   The date of the information or material;

   c.   All authors and recipients; and

   d.   The specific privilege or protection which is claimed.

   e.   The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

## DEPOSITIONS

1.    Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

# EXHIBIT A

2.      During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3.      There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4.      It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5.      A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

6.      Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7.      Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

Dated this 27th day of April, 2018.

BY THE COURT:

_____

MICHAEL A. MARTINEZ
Chief Judge

**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER STATE OF COLORADO 1437 Bannock Street, Room 256 Denver, Colorado 80202 | DATE FILED: April 27, 2018 CASE NUMBER: 2018CV31487 |
| Plaintiff(s):  **DEAN NIEMELA** v. Defendant(s):  **AUTO OWNERS INSURANCE COMPANY** | **↑ COURT USE ONLY ↑** Case No: 18CV31487 Courtroom:  259 |
| **PRE-TRIAL ORDER** | |

This Pre-Trial Order shall apply to each case assigned to Courtroom 259 of Denver District Court.  Counsel are expected to familiarize themselves with the contents of this Order and all its requirements.  Procrastination or general lack of diligence in the preparation of your case will not constitute good cause for non-compliance with this Pre-Trial Order.  Questions regarding the contents or interpretations of this Order should be raised **before** trial and will not be addressed during trial.

Plaintiff shall serve copies of this Pre-Trial Order on any Pro Se Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 14 days of the date thereof.  In the event of any conflict between this Pre-Trial Order and C.R.C.P. 16 or 121, this Order shall govern.

**CASE MANAGEMENT ORDER**
(C.R.C.P. 16.1 cases are excluded – see the Delay Reduction Order issued)

The provisions of C.R.C.P. 16 concerning a Case Management Order will apply. If all parties have not participated in the preparation of a Case Management Order, that fact shall be noted in the title of the Proposed Case Management Order.

In accordance with C.R.C.P. 16, not later than 42 days after the case is at issue and at least 7 days before the case management conference, the parties shall file, in editable format, a proposed Case Management Order. The joint report/proposed Case Management Order must contain the following information: the "at issue" date; contact information for the "responsible attorney"; a description of the "meet and confer" discussions; a brief description of the case from each side, and of the issues to be tried (one page per side); a list of pending, unresolved motions; an evaluation of the proportionality factors from C.R.C.P. 26(b)(1); a confirmation that the parties discussed settlement and description of prospects for settlement; proposed deadlines for amending the pleadings; the dates when disclosures were made and any objections to those

**EXHIBIT A**

disclosures; an explanation of why, if applicable, full disclosure of damages has not been completed and when it will be; subjects for expert testimony with a limit of only one expert per side per subject unless good cause is established consistent with proportionality; acknowledgement that oral discovery motions may be required by the court; provision for electronic discovery when significant electronic discovery is anticipated; estimated time to complete discovery and length of trial so the court can set trial requests over 5 days at the case management conference; and a catchall for other appropriate matters.

## TRIAL SETTINGS

Trial settings may only be obtained Tuesday through Thursday between the hours of 10:00 a.m. and noon, and only upon the filing of a Notice to Set. No case will be set for more than 5 days <u>without prior approval of the Court</u>. No case will be set beyond one year after the case is filed <u>without prior approval of the Court</u>. **The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.**

## TRIAL PREPARATION CHECKLIST

1. **Trial Management Order.** Plaintiff's counsel is required to prepare and submit a signed Trial Management Order (TMO) 28 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). **ALL parties must participate in the preparation of the TMO.** Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criteria used to determine priority.

2. **Jury Instructions.** If this matter is set for a jury trial, counsel are required to meet regarding jury instructions and **proposed jury instructions shall be delivered directly to the Court and electronically filed <u>not later than seven days before trial</u>. See C.R.C.P. 16(g).** The first party represented by counsel to demand a jury trial and who has not withdrawn that demand shall be responsible for ensuring compliance with that portion of C.R.C.P. 16. The party responsible for arranging the jury instruction conference shall be responsible for filing **one** set of those instructions on which the parties have agreed. This set need not be annotated and the Court does not need both an original and a copy. Each party shall also file, **within the same time frame**, those instructions they wish to tender but to which the opposing party will not stipulate. **Two** copies of these unstipulated instructions shall be filed, one with annotations and one without annotations. Only an original of each set need be filed. **All of these instructions should be provided to the Court in <u>electronic, editable format</u>.** The Court uses **Microsoft Office Word 2010**. Do not submit the basic introductory or

2

# EXHIBIT A

evidentiary instructions, other than a 2:1 statement of the case instruction. The Court will provide the basic introductory or evidentiary instructions to the jury.

If applicable to your case, combine the following instructions into one instruction: 3:4; 3:7; 3:8; 3:9; 3:10; 3:11; 3:15; 3:16. If applicable, combine 5:1; 5:5 into one instruction. Any other instructions that the parties agree to combine are also encouraged.

The parties shall agree upon a succinct 2:1 statement of the case instruction (Instruction No.1) that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree.

3. **Juror Notebooks.** The Court provides 1", 3-ring binders for the jurors' use as notebooks during the trial. The notebooks contain paper so that the jurors can take notes, as well as introductory information regarding jury service, the courthouse and its environs. The notebooks also contain some stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc.

Counsel shall provide eight copies of the following case-specific information for the notebooks: 1) a stipulated statement of the case; 2) a list of witnesses for each party; 3) the names of any attorneys who will be appearing; and 4) copies of exhibits that the parties agree can be included in the notebooks. The Court has also found the following information is useful to and appreciated by the jurors: 1) a list of stipulations reached by the parties; and 2) a glossary of technical or unusual terms that may be used during testimony.

Concerning the exhibits placed in the juror notebooks, the Court encourages the parties to limit the quantity to a minimum. Exceptionally voluminous exhibits are of little use to the jurors. Only those pages that are **most** relevant **and** helpful should be included. If counsel believes that they must provide the jurors with extensive exhibits, they may consider providing their own exhibit notebooks however, the Court suggests counsel consider the comfort of the jurors. Expecting the jurors to carry numerous binders to and from the courtroom may aggravate them. If it is necessary to provide a separate notebook for exhibits, counsel are encouraged to include **all** parties exhibits in **one** notebook, if possible, rather than each party providing a separate notebook. <u>The inserts for the juror notebooks, or the notebooks themselves in the case of more extensive exhibits, are due to the Court at the same time as the jury instructions.</u>

4. **Exhibits.** Counsel are encouraged to prepare a written stipulation as to undisputed facts and stipulate to the admission of exhibits as to which there is no controversy. Please prepare an **index of exhibits** that you expect to offer, including a list of those exhibits to which there is a stipulated admission. Counsel

**EXHIBIT A**

may allow opposing counsel to view proposed exhibits prior to trial either by providing a soft copy, or by inspecting and copying in person.  If you provide two copies for the Court and a copy for opposing counsel, there will be no requirement that you offer your exhibits in sequence.

Please mark all exhibits prior to trial. Plaintiff's exhibits shall be marked in **numerical sequence from 1-1,000.** Defendant's exhibits shall be marked in **numerical sequence beginning with 1,001.** Plaintiffs and Defendants shall **NOT** mix numbers and letters, even for related exhibits; e.g. 1(a), 1(b), 1(c), etc.

Exhibits may be grouped together for easy reference. The civil action number of the case should also be placed on each of the exhibit labels, as well as the date of the trial.

It is expected that a copy of each exhibit will be provided to opposing counsel and that you will have a copy of each of your exhibits.  In addition, a copy of exhibits shall be provided to the Court. To expedite trial, each exhibit to be offered should be viewed by opposing counsel prior to trial and a determination made as to whether an objection will be made as to the admissibility of the exhibit. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

Because civil divisions no longer have Court Reporters and because of a reduced work force in the Denver District Court, this Court is no longer able to maintain custody of exhibits after the termination of hearings and trials. Therefore, it is **ORDERED** that, unless the Court orders otherwise or all parties agree on the record that exhibits need not be retained, the parties will <u>upload all exhibits tendered and admitted at trial</u> to the case through the CCE e-filing system **not later than 2 days after the trial concludes**.  In cases where exhibits are not capable of being uploaded, the exhibits shall be placed on a portable digital device and preserved untampered by the proponent of the exhibits pending appeal. Otherwise, when uploading exhibits, the parties shall file a caption sheet and label each exhibit accordingly, e.g., Exhibit 1,001 (admitted); Exhibit 1,008 (tendered, not admitted).  In addition to uploading all of the exhibits, the following shall also apply:

The parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was received into evidence, until the need for the exhibits and depositions has terminated and the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three days. No withdrawn exhibit shall be modified in any manner. No demonstrative exhibit shall be preserved as part of the record in the case, either in this Court or for transmittal to the Court of Appeals. The parties shall provide a photograph(s) of any such exhibit(s) on or before the first day of trial for inclusion in the record. Photograph(s) shall be in digital format and electronically filed and all parties shall agree that the items are accurately represented. The proponent of the exhibit

# EXHIBIT A

shall retain possession of the item, as with all other respective exhibits upon completion of the trial. **Any violation of this order regarding the maintenance of exhibits will be subject to sanctions including contempt of court under C.R.C.P. 107.**

5. **Scheduling/Witnesses.**  Unless otherwise ordered by the Court, the trial day will start at 8:30 a.m. and end at 5:00 p.m. (Court trials will begin at 9:00 a.m.) Counsel and parties are expected in court 30 minutes prior to beginning each day of trial so that any preliminary matters may be addressed without inconveniencing the jury. The Court will typically take one break, for 15 – 20 minutes, in the morning and afternoon.  Unless otherwise determined by the Court, lunch break will be from approximately noon until 1:00 p.m.

Please provide the Court a copy of your witness list.  If the parties decide to use a freelance Court Reporter, an additional copy shall be provided to the Court Reporter to eliminate the need to request the spelling of witnesses' names. Witnesses should be listed in the order that you anticipate calling them. It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day. Accordingly, there shall be no more than five - (5) minutes delay between witnesses.  Delay in this regard may result in the Court requiring the non-delaying party to commence its case in chief or the delaying party may be deemed to have rested its case.

6. **Voir Dire, Opening Statements and Closing Arguments.**  The Court will conduct an extensive voir dire, including basic background questions, inquiry into biographical information and juror qualifications.  Counsel will be limited to 20 minutes on voir dire unless otherwise ordered by the Court. Counsel will be limited to 20 minutes for opening statement unless otherwise ordered by the Court.  Time limits for closing argument will be determined at the close of the evidence; however, counsel may plan for time limits on closing argument of not less than that time afforded for opening statement.

7. **Depositions.**  If you are going to use depositions in lieu of live testimony you must provide designations of such testimony to opposing counsel not later than 28 days before trial.  Objections to all or part of the deposition testimony offered must be made not later than 14 days before trial and must cite page, line and the specific evidentiary grounds supporting the objection. **The same rules apply to both video and written depositions.**  When applicable, counsel are also required to provide a person e.g., co-counsel, etc., to read the testimony into the record.

8. **Court Reporters.**  Civil divisions no longer have Court Reporters. Unless the parties decide to bring in a freelance Court Reporter, all court proceedings will be recorded on the Court's digital recording device, ForTheRecord ("FTR").  The Denver District Court has further enacted the policy *en banc* that if counsel agree to hire a freelance Court Reporter, such agreement shall be subject to the Court

**EXHIBIT A**

Order regarding Official Record and Use of Court Reporters which will be issued separately when applicable. **The parties shall apprise the Court of their desire to use a freelance Court Reporter no later than 28 days before the date of trial**.

9.    **Interpreters**.  Pursuant to Chief Justice Directive 06-03, the courts shall assign and pay for language interpretation for all parties in interest during or ancillary to a court proceeding. Parties requiring a language interpreter must contact the Managing Interpreter of the Second Judicial District, Samir Farah, preferably by email at samir.farah@judicial.state.co.us or by telephone at 720.337.0594.  The Managing Interpreter's office is located at 520 W. Colfax, Room B-50, Denver, Colorado 80204.

If you require a language interpreter, you must inform the court not later than 14 days prior to your next court appearance or hearing to ensure that an interpreter is present to assist you. Failure to timely contact the Managing Interpreter may prevent you from receiving an interpreter on the date and time of your scheduled court appearance.  A court-appointed interpreter will be scheduled to assist you for all court appearances at no charge.  A language interpreter may only interpret what is said between parties during a hearing and immediately prior to or after the hearing. A language interpreter may not provide legal advice or any other service that is not related to interpreting. Interpreters may not provide any services that may constitute a violation of the language interpreter's Code of Professional Responsibility.

If interpreter services are no longer needed, you must advise the Managing Interpreter not later than 72 hours prior to your scheduled court appearance. Failure to comply with this notice of cancellation will impact the Managing Interpreter's ability to provide interpreter services to other parties in interest and may impact your ability to obtain interpreter services in the future.

10.    **Audio-Visual Technology.**  If you intend to use any special equipment/technology such as video or audio recordings, movies, slides, PowerPoint or other computer generated technology, as well as projectors, screens, or monitors, **you must provide it**.  The parties are encouraged to share in the use of a single system rather than have two sets of projectors, TVs, monitors, screens, etc.  You must contact my Division Clerk **prior** to the scheduled trial date to arrange the set-up and use of such technology.

Any audio recordings shall be played over the Court sound system.  **Parties shall be responsible for bringing any and all electrical cables and audio connecting cables.**  Parties shall plug their audio playing device into an auxiliary input on the Court's lectern.  The auxiliary input requires connection via a 1/8" headphone jack cable or RCA stereo jack cable.  The Court will control the volume of the audio via its sound control panel.

# EXHIBIT A

11.    **Pre-Trial Motions.**   Motions for summary judgment must be filed not later than 91 days (13 weeks) before trial.  The late filing of motions for summary judgment or repeated granting of extensions of time to file such, does not permit the Court sufficient time to rule in advance of trial.  Failure to comply with the motions deadlines stated herein may result in a delayed or no ruling from the Court before trial.   All other pre-trial motions, including Motions in Limine, must be filed not later than 35 days before trial unless otherwise ordered by the Court.  If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion.

Do not, **under any circumstances**, combine motions or combine your own motions with a response or reply.  The requirements of **C.R.C.P. 121 (1 – 15), concerning the time for filing motions and the content and length of briefs, will be strictly enforced unless otherwise ordered by the Court**.  The Court may rule on motions without hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

12.    **Trial Briefs.**  Trial Briefs may be filed.  Briefs shall be filed not later than 14 days before trial, and shall not exceed five pages in length.

13.    **Proposed Findings of Fact and Conclusions of Law.**  For court trials, counsel shall file electronically, at least seven days before the commencement of trial, Proposed Findings of Fact and Conclusions of Law in electronic, **editable format**.  The Court uses **Microsoft Office Word 2010**.

14.    **Pro Se Parties.**  Parties appearing without counsel are directed to contact **Colorado Legal Services and the Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado 80203, Phone 303-837-1313,** for determination of legal representation.  Parties may also visit the Colorado Legal Help Center website at www.coloradolegalhelp.us for access to forms and step-by-step help with legal issues.

15.    **Discovery Procedures.**[1]  Discovery in all cases will be subject to the provisions of the Court ordered Discovery Protocol attached.

16.    **Settlement.**  The parties are to notify the Court within 24 hours of settlement or resolution of their case.  It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties.  All documents confirming settlement shall be filed not later than 21 days from the date of settlement, unless otherwise ordered by the Court.

---

[1] This Court applies *The Sedona Principles for Electronic Document Production* and advises counsel to be familiar with the practices and procedures it sets forth. *See* http://sos.mt.gov/Records/committees/erim_resources/A%20-%20Sedona%20Principles%20Second%20Edition.pdf at p ii.

**EXHIBIT A**

17.    **Compliance.**  This Pre-Trial Order applies to **ALL** cases without exception. Counsel are expected to familiarize themselves with the provisions of this order. Failure to comply with this Order will not be excused due to lack of familiarity with the requirements set forth herein.

**IT IS SO ORDERED,**

Dated this 27th day of April, 2018.

BY THE COURT:

_____

MICHAEL A. MARTINEZ
Chief Judge

cc:      All Counsel

8

**EXHIBIT A**

 **CT Corporation**

**Service of Process Transmittal**
05/10/2018
CT Log Number 533321600

**TO:** William Woodbury, First Vice President, Secretary & Gene
AUTO-OWNERS INSURANCE COMPANY
6101 Anacapri Blvd
Lansing, MI 48917-3968

**RE:** **Process Served in Colorado**

**FOR:** Auto-Owners Insurance Company  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dean Niemela, Pltf. vs. Auto-Owners Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Denver County District Court, CO<br>Case # None Specified |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Centennial, CO |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/10/2018 postmarked on 05/08/2018 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Bradley S. Freedberg<br>1888 Sherman Street, #200<br>Denver, CO 80203<br>303-892-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2018, Expected Purge Date: 05/17/2018 |
| | Image SOP |
| | Email Notification,  William Woodbury  woodbury.bill@aoins.com |
| | Email Notification,  Lance Arnott  SOPVerification@wolterskluwer.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 7700 E ARAPAHOE RD STE 220<br>CENTENNIAL, CO 80112-1268 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



**EXHIBIT A**

18988                                                                18-13896

 **COLORADO**
**Department of**
**Regulatory Agencies**
Division of Insurance

Michael Conway
Interim Commissioner of Insurance

May 8, 2018

AUTO-OWNERS INSURANCE COMPANY
6101 ANACAPRI BLVD
LANSING MI  48917-3968

Attention:  Secretary Officer of Company

**Re:  Dean Niemela v. , Auto-Owners Insurance Company**

As provided by § 10-3-107, Colorado Revised Statutes, on May 3, 2018 service was made upon
the Commissioner of Insurance as your registered agent for the above referenced matter.

Enclosed is your copy of the documents which were served in the above entitled cause of
action.

Sincerely,
Michael Conway
Interim Commissioner of Insurance
By:

Christine Gonzales-Ferrer
Compliance Assistant

Enc.
cc:
THE CORPORATION COMPANY
7700 E ARAPAHOE RD STE 220
CENTENNIAL CO  80112-1268



**EXHIBIT A**

DISTRICT COURT, DENVER COUNTY, COLORADO

1437 Bannock Street, Denver, CO 80202

**DEAN NIEMELA,**

   Plaintiff,

v.

**AUTO-OWNERS INSURANCE COMPANY.**

   Defendant.

▲ **COURT USE ONLY** ▲

Case Number _____

Courtroom: _____

**Attorneys:**
Attorney for Plaintiff
Bradley S. Freedberg, #26046
1888 Sherman Street, #200
Denver, CO 80203

Ph. No. (303) 892-0900       fax: (303) 446-0803
e-mail: bradfreedberglaw@aol.com

## SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 25th day of April, 2018.

*Original signature on file at the office*
*Of Bradley S. Freedberg, P.C.*

S/Bradley S. Freedberg
Attorney for Plaintiff

# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>1437 Bannock Street, Denver, CO 80202 | |
| **DEAN NIEMELA,**<br><br>    Plaintiff,<br><br>v.<br><br>**AUTO-OWNERS INSURANCE COMPANY.**<br><br>    Defendant. | ▲ **COURT USE ONLY** ▲<br><br>Case Number _____<br><br>Courtroom: ____ |
| **Attorneys:**<br>Attorney for Plaintiff<br>Bradley S. Freedberg, #26046<br>1888 Sherman Street, #200<br>Denver, CO 80203<br><br>Ph. No. (303) 892-0900          fax: (303) 446-0803<br>e-mail: bradfreedberglaw@aol.com | |
| **COMPLAINT** | |

COME NOW, Dean Niemela, Plaintiff, and complains of the Auto Owners Insurance Company, Defendant, and shows as follows:

1.      Plaintiff Dean Niemela is an individual residing in the State of Colorado.

2.      Defendant Auto Owners Insurance Company is a Michigan Corporation conducting property and casualty including automobile insurance policy and claims business throughout the country and in Colorado, registered to write business and adjust claims in Colorado.

3.      Jurisdiction is proper in this Court for the reason that the incidents described below took place in the State of Colorado and for the reason that Defendant is doing business in the state and is registered to do business in the state. Venue is proper in Denver County, Colorado, for the reason that the events described below took place in Denver County, Colorado.

**EXHIBIT A**

## GENERAL AVERMENTS

4.       On or about June 8, 2016, Plaintiff was a passenger in a vehicle owned by and driven by his friend David Adams, which was insured for automobile coverage (including Uninsured/Underinsured Motorist benefits of $100,000 per claim - policy/claim no. 300-0121486-2016).

5.       The Adams vehicle in which Plaintiff was a passenger and thereby an intended, designated first party beneficiary under the policy, was struck from behind by a vehicle driven by Malaquias De Santos, an at-fault driver, insured for minimum coverage of $25,000 by Occidental Fire and Casualty Ins. Co of N.C.  As a result of the June 8, 2016 accident, Plaintiff struck his head and suffered a concussion with blurred vision.

6.       At the time of the June 8, 2016 accident, Plaintiff was essentially indigent, living in halfway house type environment and doing odd jobs and handyman work for private individuals as a source of income.  Plaintiff did not own a car and traveled primarily by bicycle to and from jobs.

7.       Plaintiff also, lacking resources, health insurance, and medical care, did not see a doctor about his injuries, and rather just went about his life and business with headaches and blurred vision out of one eye from the June 8, 2016 accident.

8.       On or about June 25, 2016, Plaintiff, still suffering headaches and vision issues from the June 8, 2016 accident, was riding his bike to a job and failed to see on the side of his bad eye a car entering an intersection.  Plaintiff was run over, injured critically, and put into a coma remaining in the hospital for several weeks incurring medical expenses of over $1,000,000.

9.       The injuries suffered and disability resulting from the June 8, 2016 accident contributed significantly to the June 25, 2016 catastrophic accident and injury.

10.       Consequently, following written permission granted by Defendant, Plaintiff settled his bodily injury claim against the at-fault driver De Santos for the June 8, 2016 claim for policy limits of $25,000.  The balance of the value of his bodily injury claim for the June 8, 2016 accident, including the portion of the damages from the June 25, 2016 accident that flowed from, and were a natural and foreseeable consequence of the injuries sustained on June 8, 2016, remain due and owing from Defendant, despite demand for the same.  The gross value of the bodily injury claim from the June 25, 2016 accident exceeds $4,000,000 and the portion attributable to the injuries sustained on June 8, 2016 exceeds 10% of that figure, or $400,000.

11.       The failure of defendant to adjust the $100,000 policy benefit owed to Plaintiff in a timely manner constituted insurance bad-faith, and resulted in consequential damages of Plaintiff.

# EXHIBIT A

12.     Plaintiff has satisfied all conditions precedent to the filing of this lawsuit, including Defendant's waiver of arbitration by refusing to refer for arbitration after a demand for the same by Plaintiff.

## CLAIMS FOR RELIEF

### I.

### BREACH OF INSURANCE POLICY - BENEFITS DUE AND OWING

13.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint, as if set forth at length herein..

14.     Plaintiff, as a passenger in the Adams vehicle insured by Defendant on June 8, 2016, was an intended and indeed a statutory third-party beneficiary of the policy of insurance which defined passengers as insured beneficiaries of benefits afforded by the policy. Thus, Plaintiff has standing to directly seek benefits under the policy.

15.     Defendant, in not paying benefits owed by it to Plaintiff despite demand for the same, has breached its policy of insurance.

16.     As a result of the breach, Plaintiff has suffered damages and is entitled to recover benefits owed him and all consequential damages occasioned by defendant's breach of contract of insurance.

### II.

### BAD FAITH INSURANCE CLAIMS PAYMENT PRACTICES

17.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint, as if set forth at length herein.

18.     Plaintiff clearly established a connection between injuries sustained in the June 8, 2016 accident and the conditions which existed at the time of the June 25, 2016 catastrophic accident. Despite this connection, recognized and promptly paid by the at-fault party's carrier Occidental, Defendant took a bad-faith position and denied benefits.

19.     In failing to promptly pay benefits within the period of time required by statute, and/or within a reasonable time as defined by industry practice under the common law, Defendant's conduct constitutes insurance bad-faith claims practices.

20.     Consequently, Plaintiff is entitled to recover damages under a variety of

## EXHIBIT A

remedies available under statute and under the common law including, without limitation, benefits owed, statutory damages, damages in excess of benefit limits, attorneys fees, and that special category of exemplary or punitive damages as allowed or as may be shown and as established under provisions regulating insurance companies not conflicting with other statutory prerequisites.

WHEREFORE, Plaintiff prays that Defendant be cited to answer and appear herein, and that upon final hearing of all matters in controversy, Plaintiff has and recovers from Defendant as follows:

1.      Judgment for damages/policy benefits as set forth herein and as allowed by law under the first claim for relief;

2.      Judgment for bad-faith claims practice damages as set forth herein and as allowed by law under the second claim for relief; including reasonable attorney's fees;

3.      All costs of suit as allowed; and

4.      Such other and further relief, at law and in equity that may be appropriate.

Respectfully submitted,

*Original signature on file at the office*
*Of Bradley S. Freedberg, P.C.*

S/Bradley S. Freedberg
Attorney for Plaintiff

Dean Niemela
895 S. Monaco
Denver, CO  80224

**EXHIBIT A**

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br><br> 1437 Bannock Street, Denver, CO 80202 | |
| Plaintiff:     **DEAN NIEMELA**<br><br>v.<br><br>Defendant:     **AUTO OWNERS INSURANCE COMPANY** | ▲ COURT USE ONLY ▲ |
| *Attorneys for Defendant*<br>Gregory R. Giometti, Atty. Reg. No. 16868<br>Kaylea A. Waechter, Atty. Reg. No. 49961<br>**GIOMETTI & MERENESS, P.C.**<br>50 South Steele Street, Suite 480<br>Denver, Colorado 80209<br>Telephone: (303) 333-1957<br>ggiometti@giomettilaw.com<br>kwaechter@giomettilaw.com | Case No: **2018CV031487**<br><br>Div/Ctrm: |
| **ANSWER AND JURY DEMAND** | |

Defendant, Auto-Owners Insurance Company ("Auto-Owners"), respectfully answers the Complaint and Jury Demand ("Complaint") of Plaintiff Dean Niemela, as follows:

## GENERAL ALLEGATIONS

1.      With respect to the allegations of paragraph 1 of the Complaint, Auto-Owners admits that Plaintiff resides in Colorado and is a citizen of this state.

2.      Auto-Owners admits in part the allegations in paragraph 2 of the Complaint and also states that it has its principal place of business in Lansing, Michigan.  Auto-Owners only denies the allegation that it has claims business throughout the country, as it writes policies only for a limited number of states.

3.      With respect to the allegations of paragraph 3 of the Complaint, Auto-Owners admits that jurisdiction and venue are proper in Denver County, Colorado, but denies all

**EXHIBIT A**

remaining allegations of paragraph 3, and denies any allegation that Denver County District Court is the only court with proper jurisdiction over this matter.

4.      With respect to the allegations of paragraph 4 of the Complaint, Auto-Owners is without sufficient information to admit or deny this allegation, and therefore denies same.  Auto-Owners only admits that it issued an auto policy to David Adams/Adams Heating that was in effect on June 8, 2016.

5.      With respect to the allegations of paragraph 5 of the Complaint, Auto-Owners only admits that that Malaquias De Santos carried a minimum coverage insurance policy of $25,000 with Occidental Fire and Casualty Ins. Co of N.C.  Auto-Owners lacks sufficient information for the remaining allegations contained in paragraph 5, and therefore denies same.

6.      Auto-Owners lacks sufficient information to form a belief as to the truth of the allegations in paragraph 6, and on that basis, denies the same.

7.      Auto-Owners lacks sufficient information to form a belief as to the truth of the allegations in paragraph 7, and on that basis, denies the same.

8.      Auto Owners admits that Plaintiff was struck by a vehicle entering an intersection on his bicycle on June 25, 2016, but it lacks sufficient information to form a belief as to the truth of the remainder of the allegations contained in paragraph 8, and on that basis, denies the same.

9.      Auto Owners denies the allegations set forth in paragraph 9.

10.     With respect to the allegations of paragraph 10 of the Complaint, Auto-Owners admits that it granted permission to settle to Plaintiff for the $25,000 bodily injury limits but denies the remaining allegations in paragraph 10.

11.     Auto-Owners denies the allegations of paragraph 11 of the Complaint.

12.     Auto-Owners denies the allegations of paragraph 12 of the Complaint.

**EXHIBIT A**

## FIRST CLAIM FOR RELIEF
### (*Breach of Insurance Policy- Benefits Due and Owing*)

13.     Answering the allegations of paragraph 13 of the Complaint, Auto-Owners incorporates by reference its answers to the foregoing paragraphs 1 through 12 as though fully set forth herein.

14.     Auto-Owners admits it issued a policy to David Adams/Adams Heating that afforded coverage to the 2011 Dodge Ram truck, and that the policy was in effect during June 8, 2016. The remainder of allegations constitute legal conclusions for which no response is required.  To the extent a response is required, Auto-Owners denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     Auto Owners denies the allegations set forth in paragraph 15.

16.     Auto Owners denies the allegations set forth in paragraph 16.

## SECOND CLAIM FOR RELIEF
### (*Bad Faith Insurance Claims Payment Practices*)

17.     Answering the allegations of paragraph 17 of the Complaint, Auto-Owners incorporates by reference its answers to the foregoing paragraphs 1 through 16 as though fully set forth herein.

18.     Auto Owners denies the allegations set forth in paragraph 18.

19.     Auto Owners denies the allegations set forth in paragraph 19.

20.     Auto Owners denies the allegations set forth in paragraph 20.

## GENERAL DENIAL

1.     Auto Owners denies all specific allegations of the Complaint not specifically and unequivocally admitted herein.

3

## EXHIBIT A

2.      Auto Owners denies all allegations of damages identified and sought in the Complaint's prayer for relief.

3.      Auto Owners reserves the right to amend his responses herein as the discovery process may reveal additional information that could impact these responses.

### DEFENSES

1.      Plaintiff's injuries, if any, related to the motor vehicle accident at issue were resolved.  Plaintiff has been unable to show any injury that he sustained in the motor vehicle accident on June 8, 2016 which would have been causally connected to the accident on June 25, 2016.  The Plaintiff has not provided any medical records for medical treatment for any injuries he allegedly suffered after the June 8, 2016 car accident, and for which he apparently did not seek any medical treatment.  For that June 8, 2016 accident, the police were not called, and there was no traffic accident report created.  Plaintiff has only produced medical records that were created after his catastrophic bicycle accident on June 25, 2016.  Therefore, Plaintiff's injuries and damages, if any, may be due to circumstances, conditions or causes that existed before the alleged incident, or to circumstances, conditions or causes which occurred thereafter, that are unrelated to the motor vehicle accident and for which Auto Owners is not legally responsible.

2.      Plaintiff's injuries, losses, and damages, if any, may have been caused in whole or in part by the acts, wrongful, negligent, or otherwise, or fault of one or more persons or entities, including but not limited to Plaintiff, over whom Auto Owners exercised no control and for whom it is not legally responsible.

3.      Plaintiff is not entitled to recover underinsured motorist benefits under the insurance policy issued by Auto Owners because Plaintiff's injuries and damages, if any, caused

4

**EXHIBIT A**

by the June 8, 2016 accident do not have a monetary value exceeding the underlying liability insurance limits of $25,000.  *See* C.R.S. § 10-4-609(1)(c).

4.      Plaintiff may have failed to mitigate his damages, if any.

5.      Plaintiff's damages and losses, if any, are barred or limited by the provisions of C.R.S. § 13-21-102.5.

6.      Plaintiff may have failed to join an indispensable party, and specifically, the driver of the car in the Plaintiff's car vs. bicycle accident on June 25, 2016, where such driver hit Plaintiff while Plaintiff rode his bicycle.

7.      The injuries and damages, if any, for which Plaintiff sues, were proximately caused by Plaintiff's own conduct and negligence.

8.      The Plaintiff's conduct contributed to his own injuries and losses, if any, including the Plaintiff's violation of traffic and cycling laws for which Plaintiff was issued a citation for his bicycle accident and running of a stop sign on June 25, 2016, and due to the finding of presumptive positives for multiple illegal substances in Plaintiff's urine screen when tested at the hospital on same date near to the time of that bicycle accident.

9.      The Plaintiff may have failed to satisfy conditions precedent to coverage, including, but not limited to, the duty to provide prompt notice and documentation of loss, and authorize Auto Owners to obtain pertinent records.  The UIM coverage for the policy requires, "1. **NOTIFY US PROMPTLY**…any person making a claim must…give us written notice and documentation of the loss; … [and] authorize us to obtain medical reports and other pertinent records."  The policy also states a failure to comply with the foregoing, "shall invalidate the coverage provided by this policy" if the Defendant can establish prejudice by the delay. Defendant made requests for documentation of the loss, including requests for medical records,

5

**EXHIBIT A**

and no records were provided by Plaintiff, prejudicing Defendant's ability to evaluate the claim and his alleged damages and losses.

10.     The claims for alleged bad faith are without merit because the issues regarding Plaintiff's claim for policy benefits are "fairly debatable."  *See*, *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567 (Colo. App. 2003).

11.     Plaintiff's claimed damages may be barred and/or reduced by the doctrine of spoliation of evidence.

12.     The Defendant's conduct was reasonable and its actions were not without substantial justification and/or based upon a reasonable basis.

13.     To the extent that no coverage exists and/or to the extent that coverage is invalidated, the insurer cannot be held liable for the extra-contractual claims asserted in the Complaint, including claims for common law bad faith or statutory bad faith under C.R.S. §§ 10-3-1115 & -1116.

14.     To the extent Plaintiff's second claim for relief alleges a statutory bad faith claim, the Plaintiff's claim for violation of C.R.S. § 10-3-1115 and -1116 fails because there were never any covered benefits due and owing under the policy, and the insurer therefore could not have unreasonably delayed payment of a covered benefit.

15.     To the extent Plaintiff's second claim for relief alleges a statutory bad faith claim, Auto Owners is entitled to recover its attorney fees pursuant to C.R.S. § 10-3-1116 because Plaintiff's statutory bad faith claim is substantially groundless.

16.     All, or part, of the Plaintiff's action lacks substantial justification, and the Defendant is entitled to recovery of its reasonable attorneys' fees from Plaintiff or his attorney, per C.R.S. §13-17-102.

6

**EXHIBIT A**

17.     Plaintiff's claims may be barred in whole or in part by failing to satisfy the policy conditions and violations of the insured's reciprocal implied duty of good faith and fair dealing that it owes to its insurer, per the *Soicher* opinion, 351 P.3d 559 (Colo. App. 2015).

18.     The Plaintiff's claims may fail because there may not have been full compliance with all the terms of the policy, a prerequisite to legal action against the insurer under the policy.

19.     Auto Owners expressly reserves all rights under the policy of insurance and, by this Answer, does not intend to waive any of those rights.

20.     Auto Owners reserves the right to amend, withdraw, or add defenses or otherwise amend its Answer as discovery progresses.

## AUTO OWNERS HEREBY DEMANDS A TRIAL BY JURY.

WHEREFORE, Auto Owners respectfully requests the Court to enter judgment in its favor, dismissing the Plaintiff's Complaint with prejudice, awarding Auto Owners its costs and reasonable attorney fees incurred herein, and granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 24th day of May, 2018.

**GIOMETTI & MERENESS P.C.**

*s/ Gregory R. Giometti*
Gregory R. Giometti, #16868
Kaylea A. Waechter, #49961
Giometti & Mereness, P.C.
50 S. Steele Street, Suite 480
Denver, CO 80209
Ph: (303) 333-1957
Fax: (303) 377-3460
E-mail: ggiometti@giomettilaw.com
E-mail: kwaechter@giomettilaw.com
*Attorneys for Defendant*

# EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2018, I caused the foregoing **ANSWER AND JURY DEMAND** to be filed with the Clerk of the above captioned Court, and a true and correct copy served upon the following, electronically via ICCES:

Bradley S. Freedberg, #26046
1888 Sherman Street, #200
Denver, CO 80203
Ph. No. (303) 892-0900 fax: (303) 446-0803
e-mail: bradfreedberglaw@aol.com
*Attorney for Plaintiff*

s/ *Leslee Randolph*
Leslee Randolph, Paralegal

8

# EXHIBIT A